UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KOREAN AIR LINES CO., LTD.,

                Plaintiff,         **MEMORANDUM & ORDER ADOPTING REPORT & RECOMMENDATION**

        - against -

THE PORT AUTHORITY OF NEW YORK         10-CV-2484 (SLT) (JO)
AND NEW JERSEY, et al.,

                Defendants.
------------------------------------------------------------X

**TOWNES, United States District Judge:**

      Before this Court is the Report and Recommendation of Magistrate Judge James Orenstein, dated August 1, 2012, (the "R&R"), concerning defendant Kamall McLean's motion to amend his answer to assert certain counter- and cross-claims against plaintiff Korean Air Lines Co., Ltd. ("KAL"), co-defendant Covenant Aviation Security, LLC ("Covenant"), and co-defendant the Port Authority of New York and New Jersey (the "Port Authority"). These new proposed counter- and cross-claims concern personal injuries McLean allegedly suffered in a collision between the truck he was driving and a KAL aircraft. KAL and Covenant have consented to the amendment, but the Port Authority opposes it. For the reasons set forth below, the Court adopts the R&R and denies McLean leave to add a personal injury cross-claim against the Port Authority.

**I.     PROCEDURAL HISTORY**

      The incident giving rise to this action occurred on June 9, 2009, when an airplane owned and operated by KAL collided with a truck operated by McLean on an airport runway. On

September 4, 2009, McLean filed a timely notice of claim with the Port Authority. (Docket No. 53 Ex. D). Actions in federal and state court followed.

### A. Federal Action

On June 1, 2010, KAL filed the instant action concerning damage to its aircraft, naming the Port Authority, Tully Construction Co., Inc. ("Tully"), Covenant, and McLean as defendants. (Docket No. 1). On August 6, 2010, Tully and McLean answered KAL's complaint and asserted cross-claims for indemnification and contribution against the Port Authority and Covenant. (Docket No. 18 ¶¶ 240-42). On August 31, 2010, the Port Authority answered Tully and McLean's cross-claims. (Docket No. 32). On December 22, 2010, Tully and McLean, with leave of the Court, filed a third-party complaint against the United States. (Docket No. 45). Tully and the United States were thereafter dismissed from the action. (Docket Nos. 119, 148).

On January 20, 2011, McLean filed the motion to amend his answer that is presently before the Court, seeking to assert – for the first time – personal injury cross- and counter-claims against KAL, Covenant, and the Port Authority. (Docket Nos. 47, 48). KAL and Covenant consented, but the Port Authority opposed the amendment. (Docket No. 49).[1] On August 1, 2012, Judge Orenstein issued his R&R,[2] recommending that this Court deny McLean's motion to amend to assert a personal injury cross-claim against the Port Authority. (Docket No. 128). On December 27, 2012, with that motion pending, this Court so-ordered a stipulation of dismissal as to all claims, cross-claims, and counter-claims relating to the aircraft damages alleged by KAL.

---

[1] On March 22, 2011, Judge Orenstein granted McLean's letter request to withdraw the motion to allow for mediation with leave to reinstate it at any time. (Docket No. 61). On October 12, 2011, after mediation proved unfruitful, McLean reinstated the motion. (Docket No. 91).

[2] As Judge Orenstein notes, he properly addressed the motion in the form of an R&R because the result he recommends is dispositive of McLean's proposed cross-claim. (R&R at 10 n.5 (citing Jean-Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. 2012)).

(Docket No. 149). The only remaining causes of action before the Court therefore concern McLean's asserted and proposed personal injury cross- and counter-claims.

### B. State Action

On August 30, 2010, nearly three months after the commencement of this federal action, McLean filed a complaint in state court against the Port Authority and Covenant, alleging the identical personal injury claims he asserts and proposes here. (Docket No. 70 Ex. 1, McLean v. Port Authority, Index No. 307196/10 (Brigantti-Hughes, J., May 12, 2011) ("McLean I")). On May 12, 2011, the state court dismissed the claims against the Port Authority with prejudice, finding that McLean had commenced his suit more than one year after the cause of action had accrued, so that the Port Authority's sovereign immunity was not waived under the relevant Suability Statute. McLean I, at 2-3. The state court explicitly noted that "[i]t is of no moment that a timely Federal Action was filed by [KAL] against [McLean], Covenant, and the Port Authority" because the relation-back doctrine does not apply to rescue McLean's claim. Id. at 3. The state court further explained that "[i]ssues of notice of a possible action, or prejudice to a party are not considered when a condition precedent must be satisfied before an action may be commenced." Id.

### C. Judge Orenstein's R&R

In his August 1, 2012, R&R, Judge Orenstein similarly determined that McLean had failed to meet a condition precedent required for suit against the Port Authority. (R&R at 6). He did not reach the issue of res judicata. (R&R at 5). On August 20, 2012, McLean filed objections to the R&R, arguing that he has complied with the conditions precedent and that his claims are not precluded by the state court determination in McLean I. (Docket No. 135). The Port Authority filed a response opposing both arguments. (Docket No. 140).

3

## II.      STANDARD OF REVIEW FOR R&R

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After performing this inquiry, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where no objection has been filed, however, the district court "need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

## III.      DISCUSSION

### A.      Rule 15(a)

Although Federal Rule of Civil Procedure 15(a)(2) specifically provides that a court "should freely give leave [to amend] when justice so requires," a court generally "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is considered futile if, for example, it could not withstand a motion to dismiss for lack of subject-matter jurisdiction. U.S. Underwriters Ins. Co. v. Ziering, No. 06-cv-1130, 2010 WL 3419666, at *2 (E.D.N.Y. Aug. 27, 2010) (citing Riccuiti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)); see Bonfiglio v. N.Y. Presbyterian Hosp. Weill Cornell Med. Ctr., No. 10 Civ. 4939, 2011 WL 2436706, at *3 (S.D.N.Y. June 16, 2011) ("Adding a claim that cannot survive due to lack of subject matter jurisdiction would be futile."). In this way, a claim's viability is evaluated by the same legal

4

standard "whether considered in the context of a motion to dismiss or opposition to a motion for leave to amend." Ziering, 2010 WL 3419666, at *2.

### B. Suability Statute

The Port Authority is a bi-state entity created by compact between the States of New York and New Jersey and with the approval of Congress. Gianello v. Port Authority of N.Y. and N.J., No. 11 Civ. 3829, 2011 WL 2436674, at *1 (S.D.N.Y. June 16, 2011); see generally Hess v. Port Auth. Trans–Hudson Corp., 513 U.S. 30 (1994) (reviewing history and status of Port Authority). Originally, the Port Authority "enjoyed complete sovereign immunity from suits of any sort in the courts of those states." Brooklyn Bridge Park Coalition v. Port Authority of New York and New Jersey, 951 F. Supp. 383, 387 (E.D.N.Y. 1997). In 1950, however, New York and New Jersey enacted legislation allowing suit against the Port Authority "so long as the plaintiff complied with the jurisdictional prerequisites set forth in § 7107." Kyne v. Carl Beiber Bus Services, 147 F. Supp. 2d 215, 218 (S.D.N.Y. 2001). That provision provides, in relevant part, that consent to suit

> is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that . . . a notice of claim shall have been served upon the port authority . . . at least sixty days before such suit, action or proceeding is commenced.

N.Y. Unconsol. Law § 7107 (emphasis added). As the language in the provision indicates, the one-year filing and sixty-day notice requirements are conditions precedent for the Port Authority's waiver of immunity. As to the former, the New York State Court of Appeals has specifically "addressed whether the requirement for bringing an action against the Port Authority within one year under [§ 7107] was a condition precedent to suit or a statute of limitations . . . concluding that the statute contained a condition precedent to suit." Campbell v. City of New

York, 4 N.Y.3d 200, 204 (2005) (citing Yonkers Contr. Co. v. Port Auth. Trans–Hudson Corp., 93 N.Y.2d 375, 379 (1999)). In so finding, the court "underscored that if a statute not only creates a cause of action but also attaches a time limitation to its commencement, then 'time is an ingredient of the cause.'" Id. (quoting Yonkers, 93 N.Y.2d at 379).

### C.     Motion to Amend and Relation Back

In this case, the parties agree that the cause of action accrued on June 9, 2009 (the date of the runway incident), that McLean timely filed his notice of claim, but that McLean's proposed personal injury claims were asserted more than one year after accrual. McLean argues, however, that his cross-claim against the Port Authority should be permitted to relate back to the initial filing of KAL's complaint to satisfy § 1707's one-year condition precedent. In response, the Port Authority contends that failure to comply with a § 1707 condition at the outset permanently extinguishes McLean's cross-claim against the Port Authority and that the relation-back doctrine cannot revive it.

Few cases have examined whether the relation-back doctrine under CPLR 203(f),[3] which concerns amended pleadings, applies to § 1707's conditions precedent. Nevertheless, courts have provided some guidance. In dismissing a personal injury action against the Port Authority filed more than one year after accrual, a New York appellate court determined that "[t]he plaintiffs' reliance on the 'relation-back' doctrine . . . to remedy their failure is misplaced." DaCruz v. Towmasters of N.J., Inc., 804 N.Y.S.2d 359, 360 (2nd Dep't 2005) (citing CPLR 203(f); Yonkers, 93 N.Y.2d at 379). Contrary to McLean's contentions, the appellate court

---

[3] The provision, entitled "Claim in amended pleading" provides:
    A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
CPLR 203(f).

6

explicitly rejected the prior determination of a federal district court, which had come to the opposite conclusion, and whose decision initially bound the state trial court to which the case had been remanded. See DaCruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 131 (E.D.N.Y. 2003); DaCruz v. Towmasters of N.J., Inc., 4 Misc.3d 391, 392 (N.Y. Sup. 2004). The appellate court cited Astudillo v. Port Auth. of N.Y. & N.J., 7 Misc.3d 1004(A) (N.Y. Sup. 2004), which determined that CPLR 203's relation-back provision "cannot be used to revive a claim that has been 'extinguished' by virtue of the two-year condition precedent to suit contained in Article 29 of the Warsaw Convention." 7 Misc.3d 1004(A), at *4. As with § 1707, the Warsaw Convention "creates the cause of action asserted under it" so that the time limit it contains "is best termed a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling." Fishman by Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 143 (2d Cir. 1998).

Moreover, the state court that recently dismissed McLean's personal injury claims against the Port Authority rejected his argument that, because the Port Authority was on notice from KAL's timely filed federal lawsuit, he substantively met the one-year condition. McLean I, at 2. Indeed, the state court explained that because "these suitability statutes are jurisdictional and . . . strict compliance is required[,] . . . the 'relation back' doctrine of CPLR 203 does not apply to keep alive a claim that would otherwise be time-barred." Id. at 3. Commenting on the argument McLean essentially asserts here, the state court found it "of no moment that a timely Federal Action was filed by plaintiff [KAL] against [McLean], Covenant, and the Port Authority." Id.

This Court similarly finds that, because § 1707's one-year requirement is a condition precedent and not a statute of limitations, the time cannot effectively be tolled by relating back a claim that would otherwise be untimely. McLean's failure to comply with the condition renders inactive the Port Authority's waiver of immunity under § 1707 and removes subject-matter

7

jurisdiction from this Court.[4]  Accordingly, McLean's motion to amend his complaint to assert a new personal injury cross-claim against the Port Authority is denied as futile.

## IV.  CONCLUSION

For the reasons set forth above, McLean's objections are overruled and the Report and Recommendation (Docket No. 128) is ADOPTED pursuant to 28 U.S.C. § 636(b)(1). Accordingly, McLean's motion to amend his answer to assert a personal injury cross-claim against the Port Authority (Docket No. 48) is DENIED.  McLean's personal injury counter-claim against KAL and cross-claim against Covenant therefore are the only active claims in this case. Additionally, Covenant's request for a pre-motion conference (Docket No. 143) is GRANTED insofar as all remaining parties are directed to appear for a conference on February 28, 2013, at 2:00 p.m.

**SO ORDERED.**          s/ SLT

/s/ SANDRA L. TOWNES
United States District Judge

Dated: January 31, 2013
       Brooklyn, New York

---

[4] Finding itself without subject-matter jurisdiction, the Court agrees with Judge Orenstein that it need not reach the issue of whether the state court's holding in McLean bars the proposed cross-claim under the doctrine of res judicata.

8